United States Courts
Southern District of Texas
FILED

MAR 01 2018

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NUMBER C-17-735(11) |
| | § | |
| ABBY TELGE | § | |

## MEMORANDUM OF PLEA AGREEMENT

1. The Defendant knowingly and voluntarily agrees with the United States, through the United States Attorney for the Southern District of Texas, through the undersigned Assistant U.S. Attorney to plead guilty to Count THREE (3) of the above-numbered indictment.

2. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty and truthful testimony to the Court at the time of the Defendant's re-arraignment and sentencing and for the Defendant's truthful rendition of facts to the U.S. Probation Department for the preparation of the Defendant's Pre-sentence Investigation Report, the Government will recommend the Defendant be given a sentence of imprisonment within the applicable guideline range. If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

3. Furthermore, should the Defendant provide substantial assistance to the Government

as outlined in U.S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. § 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. The Defendant agrees and understands that the decision whether to file such a motion rests within the sole discretion of the Government, and that the decision whether to grant such a motion rests solely with the Court.

4. Pursuant to §1B1.8 of the Sentencing Guidelines, the Government agrees to recommend to the Court that any information tendered by the Defendant during debriefing sessions with the Government, to the extent that such information was unknown to the Government prior to the debriefings, not be utilized in the calculation of his sentencing guideline range.

5. Neither the Government nor any law enforcement officer can or does make any

2

promises or representations as to what sentence will be imposed by the Court.

6. The defendant is aware that the sentence will be determined with reference to the *United States Sentencing Commission's Guidelines Manual* (U.S.S.G.). Defendant acknowledges and agrees that the Court may impose any sentence up to and including the statutory maximum, and that the sentence to be imposed is within the sole discretion of the Court in accordance with the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a)(1) and (2), and § 3661. If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States, Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to this waiver, the defendant is aware that a sentence has not yet been

determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands that the sentencing range is advisory only, therefore the Court may impose a sentence that is lower or higher than that range. The United States does not make any promise or representation concerning what sentence the defendant will receive.

9. The United States reserves the right to carry out its responsibilities under guideline sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a pre-sentence report;

(b) to set forth or dispute sentencing facts or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2.

10. Should it be judged by the Government the Defendant has committed or attempted to commit any additional crimes from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, the Government will be released from its obligations to recommend credit for acceptance of responsibility and/or to move for a reduction in sentence for substantial assistance and is free to argue for any sentence within the statutory limits. Such a

breach by the Defendant will not release the Defendant from his plea of guilty and the terms of this plea agreement. Furthermore, the Defendant will be subject to prosecution for all criminal activity, including perjury, false statement, and obstruction of justice, which is attempted or committed subsequent to the signing of this agreement by the Defendant. The Defendant further understands and agrees the special assessment is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing.

11. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

_____  3-1-18
ABBY TELGE
Defendant                        Date

_____  3-1-18
Attorney for Defendant           Date

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____  3-1-18
JULIE K. HAMPTON               Date
Assistant United States Attorney

5